UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DARRYL LARON GILLIAM-FRENCH,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

Case No. 2:24-cv-209

Honorable Paul L. Maloney

## **OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Darryl Laron Gilliam-French ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Defendant's motion is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts. Under Rule 4(b), a district court is required to summarily dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b), Rules Governing Section 2255 Proceedings. For the reasons set forth below, it is apparent that Defendant is not entitled to relief. Accordingly, Defendant's § 2255 motion will be dismissed.

**I.    Background**

On October 14, 2020, a grand jury returned an Indictment charging Defendant with: (1) conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; and (2) possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). *See* Indictment, *United States*

*v. Gilliam-French*, No. 2:20-cr-24 (W.D. Mich.) (ECF No. 1). The next day, the government filed an Information and Notice of Prior Felony Drug Offense and Serious Drug Felony Conviction. *See* Information, *id.* (ECF No. 3). The Information set forth that in 2016, Defendant had been convicted of distribution of heroin in this Court, and that if he were convicted of either count set forth in the Indictment, that prior conviction would subject him to enhanced penalties. *Id.*

At the time of Defendant's arrest, he was in custody pending sentencing by the United States District Court for the Eastern District of Michigan for separate charges. Attorney Elizabeth A. LaCosse was appointed to represent Defendant.

On May 19, 2021, a grand jury returned a Superseding Indictment, charging Defendant with the same charges set forth in the initial Indictment. *See* Superseding Indictment, *id.* (ECF No. 30). The Superseding Indictment also included information regarding Defendant's prior serious drug felony conviction from 2016. *Id.* Two days later, the government filed a new Information and Notice of Prior Felony Drug Offense and Serious Drug Felony Conviction, setting forth the information regarding Defendant's 2016 conviction. *See* Information, *id.* (ECF No. 33).

On August 19, 2021, attorney LaCosse moved to withdraw as counsel, citing a breakdown in the attorney-client relationship. *See* Mot., *id.* (ECF No. 47). Magistrate Judge Maarten Vermaat granted that motion after conducting a hearing on August 26, 2021. *See* Order, *id.* (ECF No. 52). Attorney Paul Mitchell was then appointed to represent Defendant.

On January 7, 2022, Defendant, through counsel, filed a motion to suppress, requesting that the Court "suppress all evidence derived from execution of a state search warrant issued on November 27, 2019." *See* Mot., *id.* (ECF No. 60, PageID.91). The Court conducted a hearing on the motion on March 7, 2022. In an order entered that same day, the Court dismissed as moot the portion of the motion seeking suppression of evidence seized as a result of the search of

3

Defendant's vehicle because Defendant withdrew his challenge at the hearing. *See* Order, *id.* (ECF No. 64). The Court denied the motion to the extent it challenged the search of a residence. *Id.*

Subsequently, Defendant entered into a plea agreement in which he agreed to plead guilty to Count One of the Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute five grams or more of methamphetamine, as well as cocaine. *See* Plea Agreement, *id.* (ECF No. 68, PageID.191). Defendant understood that because of his prior serious drug felony conviction, he faced a mandatory minimum sentence of 10 years and a maximum of life. *Id.* (ECF No. 68, PageID.192). Defendant appeared before the undersigned for his change of plea hearing on August 24, 2022.

The parties appeared for Defendant's sentencing on December 8, 2022. The Court sentenced Defendant to 150 months' imprisonment, to be served consecutively to the sentence imposed on Defendant by the Eastern District of Michigan in Case No. 3:20-cr-20295. *See* J., *id.* (ECF No. 83, PageID.285). The Court also imposed an 8-year term of supervised release. *See id.* (ECF No. 83, PageID.286).

Defendant appealed, arguing that his sentence was procedurally and substantively unreasonable. *See* 6th Cir. Order, *id.* (ECF No. 92, PageID.379). Specifically, Defendant argued that this Court erred when calculating the drug weight attributable to Defendant "by using the purity results from only the smaller of the two portions of seized methamphetamine . . . and by applying the purity level from that smaller portion to the larger portion." *Id.* (ECF No. 92, PageID.379–380). Defendant also argued that his presentence investigation report (PSR) "erroneously assigned three points—instead of one point—for each of two prior convictions that resulted in a probationary sentence under Michigan's Holmes Youthful Trainee Act (HYTA)." *Id.* (ECF No. 92, PageID.382). In an order entered on December 19, 2023, the United States Court of

Appeals for the Sixth Circuit rejected Defendant's arguments and affirmed his conviction and sentence. *See id.* Defendant did not petition the United States Supreme Court for a writ of certiorari.

On August 30, 2024, Defendant filed a motion for an extension of time to file a § 2255 motion. *See* Mot., *id.* (ECF No. 103). In an order entered on October 3, 2024, the Court denied that motion, noting that district courts lack authority to grant such extensions before a § 2255 motion is filed. *See* Order, *id.* (ECF No. 113). The Court received Defendant's § 2255 motion (ECF No. 1) on December 12, 2024.

## II.   Analysis

### A.   Standard of Review

A federal prisoner who moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

### B.   Discussion

Defendant raises the following two grounds for relief in his § 2255 motion:

I.   The defendant argues there is no empirical data for the Sentencing Commission weight disparity between actual methamphetamine and methamphetamine mixture. And if there was under U.S.S.G. § 2D1.1 cmt. (n)(27)(c), [the] prosecution should have to prove by at least a preponderance of evidence the defendant [was] in the criminal enterprise and proximity to the source of drugs. And without evidence supporting the 10 to 1 ratio the defendant should not be subject to purity methamphetamine

5

        guidelines and all the methamphetamine in his case should be considered as a mixture, because the methamphetamine in the offense with th[ere] is no data to prove and no evidence produced in my case to support the 2D1.1 cmt. (n)(27)(c) does not support the reasoning for purity actual methamphetamine guidelines and the purity guidelines are based only on purity of drugs which the government has no law which supports a guideline enhancement only based on pure drugs.

II.     The defendant argues that he should not have been assessed 21 criminal history points. In the defendant's PSI defendant was assessed in paragraph 43 3 pts for a conviction on 6/23/09 for Ct. 1 cont/sub/delivery less than 50 grams. Ct. 2 cont/sub/delivery manf marijuana for a[n] 18 month sentence to HYTA . . . . Paragraph 41 the defendant was also sentenced to Ct. 2 cont/sub/possession of marijuana, ct. 1 and Ct. 3 cont/sub/delivery less than 50 grams sentence on 6/23/09 to 18 months. HYTA also defendant was assessed 3 points. Defendant was assessed 6 pts for both convictions. Defendant argues that he should also be assessed only 1 pt not 2 pts for being on escape status based on the new 821 Amendment change November 1, 2023. Defendant argues these changes will be less of a reason for an upward departure in his case if changes are made. Defendant argues he should only be assessed 1 pt. each conviction based on U.S.S.G. § 4A1.2(f). Diversionary dispositions under 4A1.1(c). HYTA is a diversionary disposition.

(§ 2255 Mot., ECF No. 1, PageID.4–5.) Defendant acknowledges that he raised these grounds on direct appeal to the Sixth Circuit. (*Id.*)

      Upon review of the record, it is plainly apparent that Defendant raised ground I, as well as his arguments regarding his prior HYTA convictions in ground II, on direct appeal. As set forth above, the Sixth Circuit rejected Defendant's arguments and affirmed his conviction and sentence. "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *see also Giraldo v. United States*, 54 F.3d 776, 776 (6th Cir. 1995). Here, Defendant has not demonstrated any "highly exceptional circumstances" to warrant relitigation of the issues that he raised on direct appeal and that he now raises again in his § 2255 motion. To the extent that Defendant believes the Sixth Circuit erred in its analysis, the proper course of action would have been for Defendant to petition the United States Supreme Court for a writ of certiorari to review his case.

As part of ground II, Defendant contends that pursuant to "the new 821 Amendment change" from November 1, 2023, he should be assessed only 1 point for his escape conviction. (§ 2255 Mot., ECF No. 1, PageID.5.) Defendant did not raise this argument on direct appeal.

Amendment 821 "changes the assignment of 'status points' for criminal history calculations." *See United States v. Smith*, 1:20-cr-00707-7 (N.D. Ohio Feb. 7, 2024). Those status points are assigned pursuant to U.S.S.G. § 4A.1.1 *See* Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Dec. 16, 2024). Notably, before Amendment 821 went into effect, a defendant received two points if he or she "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*, Part A. Now, pursuant to Amendment 821, such a defendant receives only one point if he or she "(1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*

Here, the Probation Officer who prepared Defendant's PSR determined that Defendant's prior criminal convictions resulted in a "subtotal criminal history score of 19." *See* PSR, *United States v. Gilliam-French*, No. 2:20-cr-24 (W.D. Mich.) (ECF No. 77, PageID.244). The Probation Officer assessed an additional two points under U.S.S.G. § 4A1.1(d) because Defendant committed the instant offense while "under a criminal justice sentence for Distribution of an Unspecified Quantity of Heroin, a Schedule I Controlled Substance." *Id.* A criminal history score of 21 placed Defendant in criminal history category VI. *Id.*

This Court has the authority to modify the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

7

Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 821 applies retroactively. *See United States v. Mixon*, No. 1:21-cr-203-1, 2024 WL 406420, at *1 (W.D. Mich. Feb. 2, 2024). Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline] § 1B1.10." *Id.* That section provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Jones*, 980 F.3d at 1107 (quoting *Dillon*, 560 U.S. at 826–27).

Here, Defendant's total offense level was 25. *See* PSR, *United States v. Gilliam-French*, No. 2:20-cr-24 (W.D. Mich.) (ECF No. 77, PageID.239). Defendant received a subtotal of 19 criminal history points before the addition of 2 points under U.S.S.G. § 4A1.1(d). Under Amendment 821, Defendant would now only receive 1 additional point under § 4A1.1(d), leading to a total criminal history score of 20. A criminal history score of 20 still places Defendant in criminal history category VI. *See* U.S.S.G. ch. 5, Pt. A, Sentencing Table. With a total offense level of 25 and a criminal history category of VI, Defendant's Guidelines range now would call for 110 to 137 months of incarceration. *See id.* However, because Defendant was subject to a mandatory minimum of 10 years, that Guidelines range effectively becomes 120 to 137 months.

8

That Guidelines range is the same range that Defendant faced prior to sentencing in 2022. *See* PSR, *United States v. Gilliam-French*, No. 2:20-cr-24 (W.D. Mich. (ECF No. 77, PageID.256). The Sentencing Guidelines explicitly provide that a defendant is not entitled to a reduction of sentence pursuant to § 3582(c)(2) if the amendment in question "does not have the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B). For that reason alone, Defendant is not entitled to relief under Amendment 821. *See Smith*, 2024 WL 474480, at *1 (concluding same).

In sum, for the reasons set forth above, Defendant is not entitled to relief with respect to any argument asserted in his § 2255 motion.

### C. Evidentiary Hearing

Section 2255 provides that a court is generally required to hold an evidentiary hearing to make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Having decided that the files and records in this case conclusively show that Defendant is not entitled to relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the merits of the pending motion.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## IV. Conclusion

For the foregoing reasons, Defendant's § 2255 motion, as well as a certificate of appealability, will be dismissed. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:  December 27, 2024                             /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge